# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JULIANA POTWIN,

      Plaintiff,                Case No.:

v.

DYNASTY BUILDING SOLUTIONS, LLC,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, JULIANA POTWIN, by and through her undersigned counsel and sues the Defendant, DYNASTY BUILDING SOLUTIONS, LLC, and states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1367.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Plaintiff, JULIANA POTWIN, is a resident of Pasco County, Florida.

4. Defendant, DYNASTY BUILDING SOLUTIONS, LLC, is a Florida Limited Liability Corporation, authorized and doing business in this Judicial District. At all times material, Defendant employed Plaintiff. At all times material, Defendant employed the requisite number of employees and, therefore, is an employer as defined by the Title VII of the Civil Rights Act of 1964, the Florida Civil Rights Act, and 42 U.S.C. §1981.

5. At all times material, Plaintiff was an employee of Defendant within the meaning of the Title VII of the Civil Rights Act of 1964, the Florida Civil Rights Act, and 42 U.S.C. §1981.

## GENERAL ALLEGATIONS

6. At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

7. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employers.

8. Plaintiff has retained the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

9. Plaintiff requests a jury trial for all issues so triable.

## ADMINISTRATIVE PREREQUISITES

10. On March 24, 2023, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

11. On October 24, 2023, the EEOC issued a Dismissal and Notice of Rights related to Plaintiff's Charge of Discrimination. This Complaint has been filed within ninety (90) days of the issuance of the Dismissal and Notice of Rights; therefore, Plaintiff has met all conditions precedent to filing this Complaint.

12. Plaintiff has satisfied all conditions precedent, therefore jurisdiction over this claim is appropriate pursuant to Chapter 760, *Florida Statutes*, because more than one-hundred and eighty (180) days have passed since the filing of the Charge.

## FACTUAL ALLEGATIONS

13. Plaintiff is a Black/African American female.

14. On or about October 31, 2022, Plaintiff began her employment with Defendant as a Construction Administrator.

15. Plaintiff was the only African American or Black employee at any of Defendant's three office locations, including management, administrators, sales personnel, and production personnel.

16. On the same day that Plaintiff started her employment as a Construction Administrator with Defendant, so did Samantha Young. Young is Caucasian and started at an hourly rate significantly higher than Plaintiff's. Young also received a higher raise than Plaintiff.

17. On November 14, 2022, Plaintiff's co-worker, Randi Scully (Administrator and spouse of Production Manager Patrick Scully) made a comment about how her hometown was "destroyed" by "hoodlums and those people from across the border." After hearing Scully's racist and offensive comment, Young and Plaintiff reported the comment to their supervisor, Thomas Rabbitt (Sales Director). Rabbitt told them to "monitor the situation" and let him know if Scully said anything else.

18. On December 21, 2022, Scully was talking about not liking rap and hip-hop music. While commenting, Scully said "all they say is nigger, nigger, nigger."

19. After hearing Scully's racist comments, Young and Plaintiff again approached Rabbitt and informed him of Scully's offensive comments.

20. On December 22, 2022, Young and Plaintiff submitted written grievances regarding Scully's comments. Following the grievances, Rabbitt and Jessica Uhlich (Director of Human Resources) spoke with Scully, who denied what

was reported. As Plaintiff understood, there was no further investigation conducted, and no action was taken against Scully.

21. In February 2023, Plaintiff had her 90-day review where she understood that she was in good standing with the company. Plaintiff also received a 9.3% raise.

22. In February 2023, Victor Lupis (Owner) also promised to pay Plaintiff commissions on files that Plaintiff assisted on.

23. On March 2, 2023, Plaintiff asked Lupis about collecting the commissions that she earned on three of the files. Lupis said that he would not pay the commission, but wanted to set a meeting on March 6, 2023, with himself, Rabbitt, and Uhlich.

24. On March 3, 2023, Plaintiff was terminated from her employment with Defendant. Plaintiff met with Rabbitt and Uhlich and was told by Uhlich that it was "not going to work out," it was "not a good relationship," and they did not see Plaintiff as a "future employee."

25. Later that day, Plaintiff emailed Rabbitt, Lupis, and Uhlich and requested a copy of her grievance, along with all communications regarding the grievance. Lupis responded and denied Plaintiff's request. He stated that Defendant was "unable to release any information about Dynasty's internal policies and procedures to former employees."

## COUNT I
## 42 U.S.C. §1981 DISCRIMINATION

26. Plaintiff, JULIANA POTWIN, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-five (25).

27. Plaintiff, a Black/African American female, is a member of a protected class.

28. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her race by:

    a. paying Plaintiff less than her co-workers who were outside of her protected class;

    b. denying Plaintiff a pay raise at the same or similar amount as her co-workers who were outside of her protected class;

    c. terminating Plaintiff's employment; and

    d. refusing to pay Plaintiff her earned commissions.

29. Defendant's adverse employment acts toward Plaintiff were motivated by race-based considerations.

30. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

31. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

32. Defendant knew or should have known of the discrimination.

33. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering,

    e. Punitive damages;

    f. Attorneys' fees and costs;

    g. Injunctive relief;

    h. For any other relief this Court deems just and equitable.

## COUNT II
### TITLE VII – RACE DISCRIMINATION

34. Plaintiff, JULIANA POTWIN, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-five (25).

35. Plaintiff, a Black/African American male, is a member of a protected class under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*. ("Title VII").

36. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her race by:

    a. paying Plaintiff less than her co-workers who were outside of her protected class;

    b. denying Plaintiff a pay raise at the same or similar amount as her co-workers who were outside of her protected class;

    c. terminating Plaintiff's employment; and

    d. refusing to pay Plaintiff her earned commissions.

37. Defendant's adverse employment acts toward Plaintiff were motivated by race-based considerations.

38. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

39. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

40. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

  c. Front pay and benefits;

  d. Compensatory damages for emotional pain and suffering,

  e. Punitive damages;

  f. Attorneys' fees and costs;

  g. Injunctive relief;

  h. For any other relief this Court deems just and equitable.

## COUNT III
## FLORIDA CIVIL RIGHTS ACT – RACE DISCRIMINATION

41. Plaintiff, JULIANA POTWIN, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-five (25).

42. Plaintiff, a Black/African American male, is a member of a protected class under Florida Civil Rights Act.

43. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her race by:

  a. paying Plaintiff less than her co-workers who were outside of her protected class;

  b. denying Plaintiff a pay raise at the same or similar amount as her co-workers who were outside of her protected class;

  c. terminating Plaintiff's employment; and

  d. refusing to pay Plaintiff her earned commissions.

44. Defendant's adverse employment acts toward Plaintiff were motivated by race-based considerations.

45. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

46. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

47. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering,

    e. Punitive damages;

    f. Attorneys' fees and costs;

    g. Injunctive relief;

    h. For any other relief this Court deems just and equitable.

## COUNT IV
## 42 U.S.C. §1981 – RETALIATION

48. Plaintiff, JULIANA POTWIN, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-five (25).

49. Plaintiff suffered adverse employment actions for engaging in protected activity under the 42 U.S.C. §1981. Specifically, Plaintiff made good-faith, reasonable complaints of discrimination and harassment based on her race and:

    a. was terminated by Defendant; and

    b. was denied her earned commissions.

50. The aforementioned actions by Defendant constitute retaliation by Defendant in violation of 42 U.S.C. §1981.

51. Defendant's unlawful and retaliatory employment practices toward Plaintiff were intentional.

52. Defendant's unlawful and retaliatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

53. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b.    Prejudgment interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e.    Punitive damages;

    f.    Attorneys' fees and costs;

    g.    Injunctive relief; and

    h.    For any other relief this Court deems just and equitable.

## COUNT V
## TITLE VII – RETALIATION

54. Plaintiff, JULIANA POTWIN, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-five (24).

55. Plaintiff engaged in protected activity by opposing employment practices made unlawful by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII"). Specifically, Plaintiff opposed racial harassment and discrimination by making good-faith complaints to Defendant.

56. In retaliation for engaging in protected activity, Plaintiff suffered adverse employment actions when Defendant:

    a.    terminated Plaintiff's employment; and

    b.    denied her earned commissions.

57. Stated differently, the adverse employment actions suffered by Plaintiff at the hands of Defendant are causally connected to her opposition and resistance of racial harassment and discrimination.

58. The aforementioned actions by Defendant constitute retaliation by Defendant in violation of Title VII of the Civil Rights Act of 1964.

59. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federally-protected rights of Plaintiff.

60. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e. Punitive damages;

    f. Attorneys' fees and costs;

    g. Injunctive relief; and

    h. For any other relief this Court deems just and equitable.

## COUNT VI
## FLORIDA CIVIL RIGHTS ACT—RETALIATION

61. Plaintiff, JULIANA POTWIN, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-five (25).

62. Plaintiff engaged in protected activity by opposing an employment practice made unlawful by the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA"). Specifically, Plaintiff opposed racial harassment and discrimination by making good-faith complaints to Defendant.

63. In retaliation for engaging in protected activity, Plaintiff suffered adverse employment actions when Defendant:

    a. terminated Plaintiff's employment; and

    b. denied her earned commissions.

64. Stated differently, the adverse employment actions suffered by Plaintiff at the hands of Defendant are causally connected to her opposition and resistance of racial harassment and discrimination.

65. The aforementioned actions by Defendant constitute retaliation by Defendant in violation of the Florida Civil Rights Act.

66. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

67. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a. Back pay and benefits;

b. Prejudgment interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

e. Punitive damages;

f. Attorneys' fees and costs;

g. Injunctive relief; and

h. For any other relief this Court deems just and equitable.

## COUNT VII
### BREACH OF CONTRACT- UNPAID COMMISSIONS

68. Plaintiff, JULIANA POTWIN, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-five (25).

69. Pursuant to Defendant's written and verbal agreements with Plaintiff, Defendant was required to pay Plaintiff commissions earned on files worked on by Plaintiff.

70. Plaintiff performed the work on her files and earned commissions based upon the agreement between the parties.

71. Defendant failed to pay Plaintiff all commissions earned and is in breach of the agreement.

72. Defendant, despite Plaintiff's reasonable attempts to obtain payment of these earned monies, has failed and refused to make payment as required by the parties' agreement.

72. Plaintiff is entitled to an award of attorneys' fees and costs pursuant to Florida Statute §448.08.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant and for damages as follows:

    a. Payment of earned unpaid wages;

    b. Pre-judgment interest;

    c. Post-judgment interest;

    d. Attorney's fees and costs; and

    e. For such other relief as the Court deems equitable

## DEMAND FOR JURY TRIAL

73. Plaintiff, JULIANA POTWIN, demands a trial by jury on all issues so triable.

**DATED** this 19th day of January, 2024.

    **FLORIN GRAY BOUZAS OWENS, LLC**

    */s/ Gregory A. Owens*
    **GREGORY A. OWENS, ESQUIRE**

Florida Bar No.: 51366
greg@fgbolaw.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wolfgang@fgbolaw.com
16524 Pointe Village Drive
Suite 100
Lutz, Florida 33558
(727) 254-5255
(727) 483-7942 (fax)

*Trial Attorneys for Plaintiff*