UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JULIANA POTWIN,

Plaintiff,

v. Case No: 8:24-cv-174-KKM-CPT

DYNASTY BUILDING SOLUTIONS, LLC,

Defendant.

---

ORDER

Juliana Potwin sues her former employer, Dynasty Building Solutions, LLC, for race discrimination and retaliation under federal and Florida law and for breach of contract. *See* 42 U.S.C §§ 1981, 2000e-2; § 760.10, Fla. Stat. Dynasty moves to dismiss her complaint because it fails to state a claim for relief. *See* FED. R. CIV. P. 12(b)(6). Because Potwin does not plausibly allege that she is entitled to relief, her Amended Complaint is dismissed.

## I. BACKGROUND

From October 2022 to March 2023, plaintiff Juliana Potwin, an African American woman, worked as a construction administrator for defendant Dynasty Building Solutions,

LLC ("Dynasty"). Am. Compl. (Doc. 17) ¶¶ 13–14, 25.[1] The same day that Dynasty hired Potwin, it also hired Samantha Young, a white woman, as a construction administrator. *Id.* ¶ 16. Despite having the same title, Dynasty paid Young more than Potwin. *Id.* When she was hired, Potwin was the only African American working for Dynasty. *Id.* ¶ 15.

Potwin's troubles at Dynasty started almost immediately. In mid-November, Potwin and Young overheard Randi Scully, another employee, comment that her hometown had been " 'destroyed' by 'hoodlums and those people from across the border.' " *Id.* ¶ 17. Potwin and Young reported this comment to Thomas Rabbit, their supervisor, who "told them to 'monitor the situation.' " *Id.* A few days before that Christmas, Potwin and Young overheard Scully voicing her distaste for rap and hip-hop music, including her view that "all they say is nigger, nigger, nigger." *Id.* ¶ 18. Potwin and Young again reported Scully's comments to Rabbit and filed written grievances the following day. *Id.* ¶¶ 19–20. Dynasty's human resources director met with Scully, who denied the allegations, and Dynasty took no further action as far as Potwin was aware. *Id.* ¶ 20.

In February 2023, Potwin had been with Dynasty for ninety days and had her first employee review. *Id.* ¶ 22. As a result of the meeting, she understood herself to be "in good standing" with Dynasty. *Id.* Dynasty gave her a 9.3% raise, and Dynasty's owner, Victor Lupis, promised to pay her a 1% or 2% commission on three files that she worked on. *Id.*

[1] At the motion-to-dismiss stage, I accept the factual allegations in the amended complaint as true. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

Dynasty gave Young a larger raise and also agreed to pay her a commission on files that she worked on. *See id.* ¶¶ 16, 24.

The next month, Potwin tried to collect on commissions that she believed that Dynasty owed her. *Id.* ¶ 24. Dynasty refused to pay Potwin, though it paid Young for the commissions that Young earned. *Id.* Instead Lupis, the owner, told Potwin to meet with him, her supervisor, and Dynasty's human resources director. *Id.* On March 3, Dynasty terminated Potwin, with the human resources director explaining that it was " 'not going to work out,' it was 'not a good relationship,' and they did not see [Potwin] as a 'future employee.' " *Id.* ¶ 25. Potwin requested a copy of her grievance and any internal communications associated with it that same day. *Id.* ¶ 26 Lupis refused, explaining that Dynasty "was 'unable to release any information about [its] internal policies and procedures to former employees.' " *Id.* After Potwin's termination, Lupis reached out to Young to ask if she was "with" Dynasty or "fully with" Potwin. *Id.* ¶ 27.

Potwin sued Dynasty on January 19, 2024. (Doc. 1.) She alleges that Dynasty discriminated against her in violation of 42 U.S.C. § 1981 (Count I), Title VII of the Civil Rights of Act of 1964 (Count II), and the Florida Civil Rights Act ("FCRA") (Count III), retaliated against her in violation of § 1981 (Count IV), Title VII (Count V), and the FCRA (Count VI), and breached a contract with her by failing to pay her commissions

(Count VII). Am. Compl. ¶¶ 28–75. Dynasty moves to dismiss all seven counts under Federal Rule of Civil Procedure 12(b)(6). Def.'s Mot. to Dismiss (Doc. 19) ("MTD").

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss" for failure to state a claim, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering the motion, courts accept the complaint's factual allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Courts should limit their

"consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004), *abrogated on other grounds by Twombly*, 550 U.S. 544.

## III. ANALYSIS

Potwin has not stated a claim for relief on any of her seven counts. Potwin's complaint is therefore dismissed without prejudice.

### A. Potwin Has Not Plausibly Alleged a Race-Discrimination Claim

First, Dynasty moves to dismiss Potwin's discrimination claims under § 1981, Title VII, and FCRA (Counts I–III) because Potwin has inadequately alleged that Young is a relevant comparator and because Scully's comments are not evidence of racial animus on the part of Dynasty's decisionmakers. MTD at 6. These three claims use the same framework and may be analyzed together. *See Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 n.6 (11th Cir. 2015) (per curiam) ("[T]he same analytical framework and proof requirements that apply to employment discrimination claims under Title VII also apply to discrimination claims under Section 1981 and the FCRA." (citation omitted)); *Edom v. Chronister*, No. 8:20-CV-1624-KKM-AEP, 2021 WL 4244845, at *11 (M.D. Fla. Sept. 17, 2021). Taking Title VII as emblematic, that statute provides that "[i]t shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his

compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e-2(a)(1). To survive a motion to dismiss, a complaint alleging race discrimination under § 1981, Title VII, or the FCRA must "provide enough factual matter (taken as true) to suggest intentional race discrimination." *Surtain*, 789 F.3d at 1246 (quoting *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008)). It need not make out a prima facie case for relief under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511 (2002).

Dynasty contends that Potwin has not alleged enough facts to raise a plausible inference of race discrimination because Young, the comparator that Potwin identifies, is not "similarly situated in all material respects" to Potwin. *See* MTD at 7 (quoting *Lewis v. City of Union City*, 918 F.3d 1213, 1226 (11th Cir. 2019) (en banc)). Dynasty would require Potwin to allege more details about Potwin and Young's "job responsibilities, duties, prior employment history, qualifications, or work performance." *Id.*

If Potwin intends on raising a reasonable inference of race discrimination through use of a comparator, Dynasty is right. While Potwin has alleged that Young was similarly situated in general, she fails to allege that Young was similarly situated in key ways material to her race discrimination claim. Potwin alleges that Dynasty discriminated against her by (1) paying her less than co-workers outside her protected class, (2) giving her a smaller raise than those co-workers, (3) firing her, and (4) refusing to pay her commissions. Am. Compl.

¶¶ 30, 38, 45. She points to Young's dissimilar treatment as evidence that these actions were race-based. *See, e.g.*, *id.* ¶¶ 16, 20, 24; *see also* Pl.'s Resp. in Opp. to MTD (Doc. 22) ("Resp.") at 6.

Yet Potwin does not allege that she and Young are relevantly similar for each alleged instance of discrimination. *See generally* Am. Compl. For hourly wages, she does not allege that she and Young had generally similar backgrounds and qualifications such that a difference in pay would be surprising or suspicious. *See Lewis*, 918 F.3d at 1227–28 ("[A] similarly situated comparator . . . will share the plaintiff's employment . . . history."); *Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d 647, 654 (11th Cir. 1983) (affirming dismissal of discrimination claim because the plaintiff "failed to show that her duties and qualifications were similar or that the lesser salary was a pretext for discrimination"). For raises, she does not allege that she and Young performed similarly over the first ninety days and received similar evaluations at their ninety-day reviews such that different raises would be unusual. *See Lewis*, 918 F.3d at 1227–28 ("[A] similarly situated comparator . . . will have engaged in the same basic conduct . . . as the plaintiff."); *Cooper v. S. Co.*, 390 F.3d 695, 741 (11th Cir. 2004) (employees with different performance records were inappropriate comparators for discrimination claim premised on disparate wages), *overruled on other grounds by Ash v. Tyson Foods, Inc.*, 546 U.S. 454 (2006) (per curiam). For termination, she does not allege that Young was not terminated,

nor, if I assumed Young was not terminated, that she and Young performed similarly in their first ninety days. As for commissions, Potwin does not allege that her and Young's entitlements to payment were the same. *See Lewis*, 918 F.3d at 1227–28 ("[A] similarly situated comparator . . . will have been subject to the same employment policy . . . as the plaintiff."). In the absence of allegations suggesting that something suspicious or untoward was behind the adverse employment actions that Potwin faced, allowing an inference that Dynasty intentionally discriminated against her, Potwin fails to state a claim for race discrimination. *See Iqbal*, 556 U.S. at 678 (explaining that to survive a motion to dismiss "the plaintiff [must plead] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

Potwin responds that she need not point to a comparator to survive a motion to dismiss. That is true. *See Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011). Yet she must plead *some* facts supporting an inference of intentional race discrimination. *Id.*

Nothing in her complaint allows her to meet that burden. Potwin emphasizes the racial slurs uttered by her coworker Scully. If made by a decisionmaker, those statements would likely allow an inference of racial animus. *See, e.g.*, *Jenkins v. Nell*, 26 F.4th 1243, 1251 (11th Cir. 2022). But Potwin does not allege that Scully had any role in the adverse employment actions taken against her or that Scully's alleged biases are attributable to

Potwin's supervisors. *See Ledbetter v. Goodyear Tire & Rubber Co.*, 421 F.3d 1169, 1189 (11th Cir. 2005) (comments by nondecisionmaker were "alone insufficient to support an inference of discrimination"), *aff'd*, 550 U.S. 618 (2007). Scully's comments cannot support Potwin's race-discrimination claim. And her other background allegations—for example, that she was the only African American employee at Dynasty, Am. Compl. ¶ 15—do not allow for a plausible inference of race discrimination.

In the absence of allegations plausibly suggesting discrimination based on race, Counts I, II, and III are dismissed without prejudice.

### B. Potwin Has Not Plausibly Alleged a Retaliation Claim

Next, Dynasty seeks dismissal of Potwin's retaliation claims under § 1981, Title VII, and the FCRA (Counts IV–VI) because Potwin's reporting of Scully's comments was not protected activity and that, in any event, Potwin has failed to allege causation. MTD at 11–12. Like her discrimination claims, her retaliation claims may be analyzed together. *See Butler v. Ala. Dep't of Transp.*, 536 F.3d 1209, 1215 (11th Cir. 2008); *Harper v. Blockbuster Ent. Corp.*, 139 F.3d 1385, 1389–90 (11th Cir. 1998). To state a claim for retaliation, Potwin must allege that "(1) [s]he engaged in statutorily protected activity; (2) [s]he suffered a materially adverse action; and (3) there was a causal connection between the protected activity and the adverse action." *Howard v. Walgreen Co.*, 605 F.3d 1239, 1244 (11th Cir. 2010). Dynasty's arguments are directed at the first and third elements.

For the first element, Potwin's complaint does not establish that she engaged in protected conduct. In general, complaining, informally or formally, about an unlawful employment practice is a protected activity. *Rollins v. Fla. Dep't of L. Enf't*, 868 F.2d 397, 400 (11th Cir. 1989). For a complaint to be protected, the plaintiff must show (1) "that she subjectively (i.e., in good faith) believed the defendant was engaged in unlawful employment practices" and (2) "that her 'belief was *objectively* reasonable in light of the facts and record present.' " *Furcron v. Mail Centers Plus, LLC*, 843 F.3d 1295, 1311 (11th Cir. 2016) (quoting *Little v. United Techs., Carrier Transicold Div.*, 103 F.3d 956, 960 (11th Cir. 1997)) (emphasis original). Objective reasonableness is determined by reference to controlling substantive law. *Butler*, 536 F.3d at 1214 ("Where binding precedent squarely holds that particular conduct is not an unlawful employment practice by the employer, and no decision of this Court or of the Supreme Court has called that precedent into question or undermined its reasoning, an employee's contrary belief that the practice is unlawful is unreasonable."). In this case, the contemplated unlawful employment practice was allowing a hostile work environment. *See* MTD at 11; Resp. at 8.[2] A hostile work environment claim requires a showing that, among other things, the offensive conduct underlying the claim "was sufficiently severe or pervasive to alter the terms and conditions

[2] The Amended Complaint does not specify that the complaints were about a hostile work environment. Because both parties treat that as the underlying claim, though, so do I.

of employment and create a discriminatorily abusive working environment." *Fernandez v. Trees, Inc.*, 961 F.3d 1148, 1153 (11th Cir. 2020).

Based on Potwin's allegations, it was not objectively reasonable to believe that Dynasty was permitting a hostile work environment. Assuming Scully made the above comments, the " 'mere utterance of an . . . epithet which engenders offensive feelings in a[n] employee' does not sufficiently affect the conditions of employment to' establish a hostile work environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986)) (citation omitted) (omission original). The Eleventh Circuit has held that conduct comparable to what Potwin alleges is not sufficiently severe or pervasive to support a hostile work environment claim. *See, e.g.*, *Adams v. Austal, U.S.A., L.L.C.*, 754 F.3d 1240, 1256–57 (11th Cir. 2014) (statements heard by African American employee including "I told you I'm not racist[;] at home I have a color TV" and "he was going to beat that nigger ass" did not support hostile work environment claim). "A racially derogatory remark by a co-worker, without more, does not constitute an unlawful employment practice . . . and opposition to such a remark, consequently, is not statutorily protected conduct." *Little*, 103 F.3d at 961. Potwin has thus failed to allege facts plausibly supporting the first element of her retaliation claim.

Even if she had, though, she also fails to allege facts plausibly supporting causation. The only allegations in her amended complaint that could possibly support causation are

the proximity between her complaints to Dynasty and her termination. *See* Am. Compl. ¶ 17 (first complaint made November 14, 2022); *id.* ¶ 20 (second complaint made December 22, 2022); *id.* ¶ 25 (Potwin terminated March 3, 2023).[3] While temporal proximity alone can establish causation, that proximity must be "very close." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) (per curiam) (quoting *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (per curiam)). The weight of persuasive authority suggests that a little over two months, the gap here between Potwin's second complaint and her termination, is not "very close." *See, e.g.*, *Williams v. Waste Mgmt., Inc.*, 411 F. App'x 226, 229–30 (11th Cir. 2011) (per curiam); *Boone v. Publix Super Markets, Inc.*, No. 8:18-CV-2523-T-60TGW, 2020 WL 1694163, at *8 (M.D. Fla. Apr. 7, 2020); *see also Brooks v. Progress Rail Servs. Corp.*, No. 2:18-CV-01956-RDP, 2020 WL 2198960, at *17 (N.D. Ala. May 6, 2020); *Campbell v. Advance Core Consulting, Inc.*, No. 5:14-CV-195 (CAR), 2016 WL 1241232, at *4 (M.D. Ga. Mar. 28, 2016). I agree. Potwin's allegations cannot support a plausible inference of causation.

Because Potwin has not plausibly alleged that she engaged in protected activity or that she was terminated because of such activity, Counts IV through VI are dismissed without prejudice.

---

[3] Because Potwin does not respond to Dynasty's causation argument, it is not clear if she believes that some other facts establish causation. *See* Resp. at 7–8. Upon review of her amended complaint, I have not identified any such facts.

### C. Potwin Has Not Stated a Claim for Breach of Contract

Finally, Dynasty asks for dismissal of Potwin's breach claim (Count VII) because, in its view, Potwin has not alleged a valid contract. MTD at 13. Under Florida law, a claim for breach of contract requires proof of "(1) a valid contract; (2) a material breach; and (3) damages." *Murciano v. Garcia*, 958 So. 2d 423, 423 (Fla. 3d DCA 2007) (per curiam). That first element requires pleading "(1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009) (citing *St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004)).

The alleged contract is insufficiently definite as to its essential terms. Specifically, Potwin alleges that Lupis, Dynasty's owner, promised "that he would pay [Potwin] 1% or 2% commission on three different files that [she] worked." Am. Compl. ¶ 23. Under Florida law, the price to be paid for something is usually an essential term, and a lack of definiteness as to that term will prevent contract formation. *See Irby v. Mem'l Healthcare Grp., Inc.*, 901 So. 2d 305, 305–06 (Fla. 1st DCA 2005) (citing *Jacksonville Port Auth. v. W.R. Johnson Enter., Inc.*, 624 So.2d 313, 315 (Fla. 1st DCA 1993)); *Cavallaro v. Stratford Homes, Inc.*, 784 So. 2d 619, 621 (Fla. 5th DCA 2001). Potwin fails to make clear whether she and Lupis had agreed to a 1% or a 2% commission, whether some files were to be paid at 1% and others at 2%, and what number would serve as the basis for

calculating the commission owed. In the absence of definiteness on these essential terms, Potwin has not pleaded a plausible claim for breach of contract and therefore Count VII is dismissed without prejudice.

## IV. CONCLUSION

Accordingly, the following is **ORDERED:**

1. Defendant Dynasty Building Solutions, LLC's Motion to Dismiss (Doc. 19) is **GRANTED.**

2. Plaintiff Juliana Potwin's Amended Complaint (Doc. 17) is **DISMISSED WITHOUT PREJUDICE.**

3. Potwin may file an amended complaint no later than December 9, 2024.

**ORDERED** in Tampa, Florida, on November 25, 2024.

Kathryn Kimball Mizelle
United States District Judge